UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT SMYTH,
    Plaintiff,

v.                                     CIVIL ACTION NO. 20-12275-MPK[1]

KILOLO KIJAKAZI,[2]
Acting Commissioner of the
Social Security Administration,
    Defendant.

MEMORANDUM AND ORDER ON PLAINTIFF'S
EAJA APPLICATION FOR FEES AND EXPENSES (#28).

KELLEY, U.S.M.J.

Presently before the court is plaintiff's application for fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (#28.) For the reasons set forth below, plaintiff's application is GRANTED.

I. Background.

Plaintiff filed a complaint seeking judicial review of a decision by the Commissioner of the Social Security Administration on December 23, 2020. (#1.) He filed a motion for reversal of that decision on July 26, 2021. (#22.)

---

[1] With the parties' consent, this case was assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). (##12, 14.)

[2] On July 9, 2021, Kilolo Kijakazi was appointed as Acting Commissioner of the Social Security Administration. She is automatically substituted as the defendant in this case. *See* Fed. R. Civ. P. 25(d).

1

On August 20, 2021, defendant, the Acting Commissioner of the Social Security Administration, filed an assented-to motion for entry of judgment pursuant to sentence four of 42 U.S.C. 405(g) with reversal and remand. (#23.) Upon further consideration of the case, the Acting Commissioner determined that remand was appropriate. (#24 at 2.) On August 23, 2020, the court allowed the Acting Commissioner's assented-to motion and issued an order entering judgment under sentence four of 42 U.S.C. § 405(g) with reversal and remand ("Judgment") (#26), substantially as proposed by the Acting Commissioner (#24-1.)

Plaintiff filed this application on November 22, 2021. (#28.) Plaintiff's application is supported by an affidavit of Francis Jackson, Esq. ("Jackson Affidavit"). (#28-2.) It is also supported by an itemized statement. (#28-1.) The itemized statement shows 26.20 attorney hours at a rate of $216.13 per hour, yielding $5,662.61, and .60 paralegal hours at a rate of $95.00 per hour, yielding $57.00, for a total of $5,719.60 in fees. (#28-1.)[3] In addition, plaintiff has submitted an assignment, stating that he consents to the payment of fees directly to his attorneys. (#28-4.)

The Acting Commissioner has no objection to the request for $5,719.60 in fees. (#29.) The Acting Commissioner also has no objection to the payment of fees directly to plaintiff's attorneys if, at the time of this Memorandum and Order, he does not owe a debt to the government that is subject to offset. *Id*.

## II. Discussion.

The EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

---

[3] The itemized statement does not show any expenses.

2

States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

To be eligible for an award of fees under the EAJA, the following prerequisites must be met: (1) the claimant must be the "prevailing party;" (2) the government's position must not be "substantially justified;" (3) no "special circumstances" make the award "unjust;" and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), the application must be supported by an itemized statement and filed within 30 days of judgment. *Comm'r. I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). *See Blaney v. Saul*, No. 18-cv-12009-ADB, 2020 WL 6162944, at *2 (D. Mass. Oct. 21, 2020).

In this case, the prerequisites are met. Plaintiff is the prevailing party because the case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). (##25, 26.) *Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993). *See, e.g.*, *Guillermo G. v. Kijakazi*, No. 20-cv-01167-JLB, 2021 WL 4356132, at *1 (S.D. Cal. Sept. 23, 2021) (involving joint motion for voluntary remand); *Roland S. v. Saul*, No. 20-cv-01068-AHG, 2021 WL 4081567, at *2 (S.D. Cal. Sept. 7, 2021) (same).

The Acting Commissioner does not argue that the government's position was substantially justified or that special circumstances make the award unjust. *See Whitzell v. Barnhart*, 429 F. Supp. 2d 361, 365 (D. Mass. 2006) (government's burden to show that position was substantially justified); *Rodrigues v. Colvin*, No. 13-cv-30207-MGM, 2015 WL 6157909, at *2 (D. Mass. Oct. 20, 2015) (same, as to special circumstances). *See, e.g.*, *Blaney*, 2020 WL 6162944, at *2 (noting Commissioner's failure to contest plaintiff's argument that government's position was not substantially justified and to make showing of special circumstances).

Plaintiff's application is supported by an itemized statement. (#28-1.). Moreover, it is timely. An application must be filed within 30 days after the time for appeal has ended. *Shalala*,

3

509 U.S. at 301-302. Here, Judgment was issued on August 23, 2021. (#26.) The time for appeal ended on Friday, October 22, 2021, *see* Fed. R. App. P. 4(a); Fed. R. Civ. P. 6(a), and plaintiff's application was filed on Monday, November 22, 2021. (#28.)

Plaintiff is eligible for an award of fees under the EAJA, and the number of attorney hours (26.20) and paralegal hours (0.60) is reasonable. The total number (26.80) is within the range of hours generally regarded as reasonable for a typical Social Security case. *See Cano v. Saul*, 505 F. Supp. 3d 20, 24-25 (D. Mass. 2020) ("Case law from the First Circuit supports the Commissioner's contention that the average number of hours for a case of this type is between 20 and 40 hours") (and cases collected). *See also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"). The court has reviewed the itemized statement. The entries are not excessive or duplicative. The Acting Commissioner does not argue that any particular entry is not compensable.

Attorney fees must be based on the prevailing market rate, subject to a cap of $125 an hour unless the court determines that an increase in cost of living justifies a rate in excess of the cap. 28 U.S.C. § 2412(d)(2)(A). For attorney fees, plaintiff's counsel uses a rate of $216.13, in excess of the cap. As set forth in the Jackson Affidavit, that proposed rate is based on Bureau of Labor Statistics (BLS) data. Specifically, plaintiff's counsel calculates the percentage increase between the consumer price index for all urban consumers (CPI-U) for all items in U.S. cities for the month of March 1996 (155.7) and the CPI-U for all items in U.S. cities for the month of May 2021 (269.195) - roughly 72.9% - and then applies that percentage increase to the statutory cap of $125

an hour - roughly $213.60 an hour. (##28-2 ¶7; 28-3.) The total for 26.20 hours at $213.60 an hour is $5,662.61.[4]

Plaintiff's counsel does not use the formula that has been applied in this district. *See Tang*, 689 F. Supp. 2d at 218 (multiplying statutory cap of $125 an hour by regional annual average CPI-U for years in which counsel's work was performed and then dividing each figure by regional CPI-U for month of March 1996). *See also Castaneda-Castillo*, 723 F.3d at 76 (same, but in reverse; dividing regional annual average CPI-U for years in which counsel's work was performed by regional CPI-U for month of March 1996 and multiplying each figure by statutory cap of $125 an hour); *New Hampshire Hosp. Assoc.*, 2019 WL 1406631, at *9 (same). However, plaintiff's counsel's formula is reasonable, particularly where the Jackson Affidavit was submitted in

---

[4] There is authority in this district for using regional CPI-U. Thus, in *Tang v. Chertoff*, the court observed that

> Under 28 U.S.C. § 2412(d)(2)(A), the Court may increase the fee-award ceiling of $125 per hour to account for increases in the cost of living. Generally, this Court would calculate the appropriate hourly fee award by "multiplying the $125 statutory rate by the [Boston area] annual average consumer price index figure for all urban consumers ("CPI–U") for the years in which counsel's work was performed, and then dividing by the [Boston area] CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Shalan v. Chertoff,* No. 05–10980–RWZ, 2006 WL 3307512, at *5 (D. Mass. Nov. 14, 2006) (quoting *Thangaraja v. Gonzales,* 428 F.3d 870, 876–77 (9th Cir.2005), and applying CPI–U figures for the Boston area).

*Tang v. Chertoff*, 689 F. Supp. 2d 206, 2018 (D. Mass. 2010) (alterations in original) (quoting *Shalan v. Chertoff*, No. 05-cv-10980-RWZ, 2006 WL 3307512, at *5 (D. Mass. Nov. 14, 2006) (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 876-877 (9th Cir. 2005), and using CPI-U for Boston area). *See also Castaneda-Castillo v. Holder*, 723 F.3d 48, 76-77 (1st Cir. 2013) (using regional CPI-U in absence of objection from government; with apparent typographical error in opinion, dividing annual average regional CPI-U for respective years by regional CPI-U for month of March 1996 and multiplying by $125 statutory cap); *New Hampshire Hosp. Assoc. v. Azar*, No. 15-cv-460-LM, 2019 WL 1406631, at *9 (D. N.H. Mar. 28, 2019) (following *Castaneda-Castillo*). *But see Quint v. Barnhart*, No. 05-cv-135-B-W, 2006 WL 1495004, at *3 (D. Me. May 25, 2006) (declining to use regional CPI-U). As noted, the Jackson Affidavit uses the CPI-U for U.S. cities. The Acting Commissioner does not object.

November 2021 and thus could not have relied on the annual average CPI-U. Significantly, the Acting Commissioner does not object to plaintiff's counsel's formula and the use of the CPI-U for U.S. cities redounds to the government's benefit. *Compare Tang*, 689 F. Supp. 2d at 218-219 (adopting plaintiff's formula using regional CPI-U for month of July 2007, not regional annual average CPI-U for 2007, where affidavit was submitted before end of 2007, difference between figures was minimal, and use of regional CPI-U for month of July 2007 "redound[ed] to the government's benefit…").[5]

---

[5] The court has located additional data on the BLS' website – bls.gov/data, see *New Hampshire Hosp. Assoc.*, 2019 WL 1406631, at *9 n. 11 (taking judicial notice of data on BLS' website), and has applied plaintiff's counsel formula to data from the Boston-Cambridge-Newton, MA-NH region (1982-84=100) and data from the Northeast region (1982-84=100). For the Boston-Cambridge, MA-NH region, the court calculated a percentage increase between the CPI-U for the month of March 1996 (162.8) and for the month of May 2021 (291.667) - roughly 79.16% - and then applied that percentage increase to the statutory cap of $125 - roughly $223.95 an hour. For the Northeast region, the court calculated a percentage increase between the CPI-U for the month of March 1996 (162.8) and for the month of May 2021 (281.858) - roughly 73.13% - and then applied that percentage increase to the statutory cap of $125 - roughly $216.41 an hour. Both of those rates are higher than the rate proposed by plaintiff's counsel based on data from U.S. cities - $216.13 an hour.
    The court also confirmed that plaintiff's counsel's formula churns out results that are generally in the same ballpark as the results churned out by the formula that has been applied in this district, modified to account for the fact that the annual average CPI-U is not available for 2021. Using the modified formula and, like plaintiff's counsel, the data from U.S. cities (1982-84=100), the court calculated a rate of $207.78 an hour for 2020 (*i.e.*, $125 (cap) multiplied by 258.11 (annual average) divided by 155.7 (March 1996)). The court then calculated a rate of $213.74 an hour for 2021 (*i.e.*, $125 (cap) multiplied by 266.236 (first-half average) divided by 155.7 (March 1996)). Counsel worked 1.8 hours in 2020, for a total of $374. (#28-1 at 1.) Counsel worked 24.4 hours in 2021, for a total of $5,215.26. (#28-1 at 1-2.) As calculated by the court using this modified formula, the total is $5,589.26 for attorney fees. That is $73.35 less than counsel's total of $5,662.61 for attorney fees.
    Using this modified formula and, unlike plaintiff's counsel, data from the Boston-Cambridge-Newton, MA-NH region (1982-84=100), the court calculated a rate of $218.26 an hour for 2020 (*i.e.*, $125 (cap) multiplied by 284.266 (annual average) divided by 162.8 (March 1996)). The court then calculated a rate of $222.59 an hour for 2021 (*i.e.*, $125 (cap) multiplied by 289.901 (first-half average) divided by 162.8 (March 1996)). The total is $5,897.27 for attorney fees (*i.e.*, 1.8 hours in 2020 and 24.4 hours in 2021). That is $234.66 more than counsel's total of $5,662.61 for attorney fees.

Like attorney fees, paralegal fees are recoverable under the EAJA at prevailing market rates. *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 581, 590 (2008). The Jackson Affidavit does not address the choice of $95.00 an hour. (##28, 28-2.) However, judges in this district have awarded paralegal fees at a rate of $95.00 an hour. *Cano*, 505 F. Supp. 3d at 30-31 (reducing from $100.00 to $95.00 an hour); *Blaney*, 2020 WL 6162944, at *3 ($95.00 an hour); *Enos v. Saul*, No. 19-cv-10023-RGS, 2020 WL 6082127, at *1 n. 4 (D. Mass. Oct. 15, 2020) (same). Moreover, the Acting Commissioner does not argue that the chosen paralegal rate of $95.00 per hour is unreasonable.

For the reasons set forth above, the court GRANTS plaintiff's application for fees in the amount of $5,719.60, as authorized by 28 U.S.C. § 2412. If it is determined by the Acting Commissioner that, at the time of this Memorandum and Order, plaintiff does not owe a debt to the government that is subject to offset, then those fees may be paid directly to his attorneys. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

December 6, 2021                              /s/ M. Page Kelley
                                              M. PAGE KELLEY
                                              Chief U.S. Magistrate Judge

---

Using this modified formula and data from the Northeast region (1982-84=100), the court calculated a rate of $209.54 an hour for 2020 (*i.e.*, $125 (cap) multiplied by 272.908 (annual average) divided by 162.8 (March 1996)). The court then calculated a rate of $214.59 for 2021 (*i.e.*, $125 (cap) multiplied by 279.488 (first-half average) divided by 162.8 (March 1996)). The total is $5,613.29 for attorney fees (*i.e.*, 1.8 hours in 2020 and 24.4 hours in 2021). That is $49.32 less than counsel's total of $5,662.61 for attorney fees.